# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORRY SPANN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6134** |
| **SOUTHERN FIDELITY INSURANCE COMPANY, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] to confirm an appraisal award filed by defendant, Southern Fidelity Insurance Company ("SFIC"). Plaintiff, Corry Spann, has filed an opposition,[2] to which SFIC has filed a reply.[3] For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff owned a residential property on Lennox Boulevard in New Orleans.[4] SFIC issued a homeowners insurance policy for the property.[5] The policy contains an appraisal provision:

> E. Appraisal
> In case we and you shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of you or us such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with us shall determine the amount of actual cash value and loss. . . .[6]

---

[1] R. Doc. No. 12.
[2] R. Doc. No. 14.
[3] R. Doc. No. 16.
[4] R. Doc. No. 1-3, at 1.
[5] R. Doc. No. 7-2.
[6] R. Doc. No. 7-2, at 36.

-1-

On or about March 19, 2013, a fire occurred at the insured property.[7] SFIC made some payments for structural damage and additional living expenses ("ALE") and invoked the appraisal provision on April 23, 2013.[8] Eventually, plaintiff filed a petition for damages in Civil District Court for the Parish of Orleans, State of Louisiana, against SFIC and Temporary Housing Solutions ("THS"), alleging that (1) SFIC failed to pay amounts owed under the insurance policy, and (2) SFIC and THS colluded in violation of the Louisiana Unfair Trade Practices Act to interfere with plaintiff's lease of another home while the insured property was being repaired.[9]

After plaintiff moved in state court to appoint an umpire pursuant to the appraisal provision,[10] SFIC removed the case to this Court on October 11, 2013.[11] On October 22, 2013, SFIC filed a motion[12] to compel appraisal, to appoint an umpire, and to stay the litigation. Plaintiff filed no opposition to that motion, and the Court entered an order[13] compelling appraisal, appointing retired Judge Brady M. Fitzsimmons as umpire, and staying and administratively closing the case pending the results of the appraisal process. Plaintiff later filed a motion[14] to remand, which the Court dismissed without prejudice because the case was stayed and administratively closed.[15]

---

[7]R. Doc. No. 1-3, at 1.
[8]R. Doc. No. 7-3.
[9]R. Doc. No. 1-3, at 2-3.
[10]R. Doc. No. 1-3, at 5; R. Doc. No. 7-13, at 1-3.
[11]R. Doc. No. 1. THS had not been served with the state-court petition at the time of removal, R. Doc. No. 1, at 3, and has yet to be served or to appear in this case.
[12]R. Doc. No. 7.
[13]R. Doc. No. 8.
[14]R. Doc. No. 9.
[15]R. Doc. No. 10.

On July 18, 2014, SFIC filed a motion[16] to lift the stay and reopen the case, which the Court granted.[17] On July 21, 2014, SFIC filed the instant motion to confirm the appraisal award. SFIC reports that the Court-selected umpire has agreed with SFIC's selected appraiser with respect to the valuation of certain damages, and seeks confirmation of that appraisal award.[18] The award, signed by the umpire and SFIC's appraiser, concludes that (1) "the cost of repairing the 'dwelling under section 'A' of the policy is $182,500.00 less credit for what has been paid"[19] and (2) "other structures (pool and equipment) section 'B' of the policy: $3,620.00."[20] A third conclusion is incomplete in the copy of the award attached to SFIC's motion,[21] but a subsequent amendment by the umpire states that "the amount due to Mr. Spann for additional living expenses is fifty nine thousand five hundred twenty eight dollars and fifty cents ($59,528.50) less any amounts previously paid."[22] Plaintiff's appraiser has not signed any portion of the award.

SFIC moves the Court to confirm the appraisal award as binding on the parties. Plaintiff opposes the motion to confirm, contending that the umpire was biased, the award is not properly itemized as required by the insurance policy, and the umpire improperly decided a question of coverage rather than valuation.[23]

**LAW AND ANALYSIS**

**A.     Applicable Standards**

---

[16]R. Doc. No. 11.
[17]R. Doc. No. 13.
[18]R. Doc. No. 12.
[19]R. Doc. No. 12-4, at 4.
[20]R. Doc. No. 12-4, at 5. It is unclear exactly what is being awarded in that portion of the umpire's award.
[21]R. Doc. No. 12-4, at 6.
[22]R. Doc. No. 12-4, at 7.
[23]R. Doc. No. 14, at 1-3.

-3-

"Appraisal clauses such as these are enforceable under Louisiana law," and are interpreted according to normal Louisiana principles of contract interpretation. *See St. Charles Parish Hosp. Serv. Dist. No. 1. v. U. Fire & Cas. Co.*, 681 F. Supp. 2d 748, 753 (E.D. La. 2010) (Vance, C.J.). "The interpretation of a contract is the determination of the common intent of the parties." La. Civ. Code. art. 2045. "The words of a contract are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 181 (5th Cir. 2007).

"[A]ppraisal provisions in insurance contracts are strictly construed." *St. Charles Parish Hosp.*, 681 F. Supp. 2d at 754 (citing *Branch v. Springfield Fire & Marine Ins. Co.*, 4 So. 2d 806, 809 (La. 1941)). "An appraisal award issued under an insurance policy is binding only if the appraisers 'have performed the duties required of them by the policy, which is the law between the contracting parties.'" *Id.* (quoting *Branch*, 4 So. 2d at 809)). "[T]he burden of demonstrating that the award should not be confirmed must fall upon the party challenging it." *Id.*

**B.  Bias**

First, plaintiff contends that the award should not be confirmed because the umpire was biased. "Courts in Louisiana have entertained challenges to the impartiality of appraisers and umpires during the course of appraisals," but a "challenging party must produce evidence 'that the appraiser's honesty or integrity is suspect.'" *St. Charles Parish Hosp.*, 681 F. Supp. 2d at 754 (quoting *Carriage Court Condo. Owners Ass'n, Inc. v. State Farm Fire & Cas. Co.*, No. 07-7715, 2009 WL 1565937, at *3 (E.D. La. May 28, 2009) (Barbier, J.)).

Plaintiff leaps to a conclusion of bias because the umpire did not find plaintiff's appraiser credible and because the umpire "limited the structure [award] to essentially the figures submitted

by the insurance company."[24] Resolving disagreements between the parties' appraisers is "the entire purpose of the umpire's involvement in the process," and is not in and of itself evidence of bias or impartiality. *See id.* Plaintiff's bare assertion that the umpire should have believed plaintiff's appraiser rather than SFIC's falls short of establishing any lack of honesty or integrity on the part of the umpire.

**C.     Compliance with the Policy**

Next, plaintiff contends that the appraisal award cannot be confirmed because it is not itemized as required by the policy. According to the appraisal provision, first the appraisers must "appraise the loss, stating separately actual cash value and loss to each item."[25] Then, the appraisers must submit any "differences, only, to the umpire."[26] The umpire and one of the appraisers may then make an award, but the award must be "*so itemized*."[27] If an appraisal award does not "list the damages in accordance with the contractual provisions, the award cannot be enforced." *Id.* at 763.

The award signed by the umpire and defendant's appraiser awards three separate dollar amounts, attributable to the structure coverage, other structures coverage, and additional living expenses.[28] Plaintiff tersely argues that this does not satisfy the itemization requirement, and therefore the award cannot be confirmed.[29] SFIC responds that the award is sufficient because it

---

[24] R. Doc. No. 14, at 2.
[25] R. Doc. No. 7-2, at 36.
[26] *Id.*
[27] *Id.* (emphasis added).
[28] R. Doc. No. 12-4, at 4-7.
[29] R. Doc. No. 14, at 1.

-5-

itemizes the amounts owed pursuant to each individual coverage of the insurance policy.[30] SFIC disagrees that the policy requires "line by line item adjustment for each individual coverage."[31]

Even under SFIC's suggested interpretation, the award is not itemized as required by the policy. The umpire's award states only three dollar amounts: an award for structure, an award for other structures, and an award for additional living expenses. The award does not "stat[e] separately actual cash value and loss to each item."[32] For that reason alone, the Court cannot confirm the award. *See St. Charles Parish Hosp. Dist.*, 681 F. Supp. 2d at 762-63.[33]

Under these circumstances, the Court concludes that the appropriate remedy is to deny SFIC's motion to confirm the appraisal award and to remand the matter of appraisal to the appraisal panel to draft an award that is sufficiently itemized, as required by the policy.[34]

---

[30]R. Doc. No. 18, at 2.
[31]*Id.*
[32]R. Doc. No. 7-2, at 36.
[33]Neither party cites any authorities addressing the level of detail required of an appraisal award. Pursuant to the policy, the appraisers must "appraise the loss, stating separately actual cash value and loss *to each item*, and failing to agree, shall submit their *differences, only,* to the umpire." R. Doc. No. 7-2, at 36 (emphasis added). This implies a greater degree of detail in the appraisals than a lump-sum recommendation with respect to a particular coverage. The umpire's award on the basis of the differences in those itemized appraisals must itself be "*so itemized.*" *Id.* (emphasis added). Accordingly, the umpire's award must be itemized to the same extent as the appraiser's appraisals.

The Court leaves it to the parties in the first instance to produce an award containing an appropriate level of itemization as required by the policy. In fact, the umpire's report indicates that the umpire attempted to secure agreement between the parties to appraise the losses in a coverage-by-coverage lump sum. R. Doc. No. 12-4, at 2. But the policy requires that any "waiver or change of a provision of this policy must be in writing by [SFIC] to be valid." R. Doc. No. 7-2, at 43. If any such agreement was reached, it is not contained in the record.

[34]At this time, the Court does not reach plaintiff's argument that the umpire impermissibly decided questions of ALE coverage as well as valuation. *See* R. Doc. No. 14 at 2-3. Because it is not clear what is included in the umpire's lump sum award for ALE, the Court will be in a better position to address this argument if or when either party moves to confirm a revised, itemized award. Just as importantly, the Court is not satisfied with the briefing on this particular issue. This issue may be addressed, if necessary, after proper briefing and after the stay is lifted.

## CONCLUSION

**IT IS ORDERED** that defendant's motion to confirm the appraisal award is **DENIED** and that the matter is remanded to the appraisers and umpire for further proceedings consistent with this order and reasons.

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the results of the appraisal process. Either party may file a motion to re-open within 30 days of the completion of the appraisal process or to compel participation in that process.

New Orleans, Louisiana, September 9, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**