UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORRY SPANN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6134** |
| **SOUTHERN FIDELITY INSURANCE COMPANY, ET AL.** | **SECTION I** |

### ORDER

The Court has pending before it a "motion to dismiss"[1] filed by defendant, Southern Fidelity Insurance Company ("SFIC"), noticed for submission on May 4, 2016. On May 3, 2016, one day before the submission date of SFIC's motion to dismiss, the Court received three more motions: (1) a motion[2] filed by SFIC to file a supplemental memorandum and exhibits in further support of its motion to dismiss, (2) an opposed motion[3] for an extension of time to file a response filed by plaintiff, Corry Spann ("Spann"), and (3) a motion[4] to expedite consideration of the motion for an extension of time to file a response.

The procedural posture of this matter has been unnecessarily complicated by both parties. Although SFIC filed what it characterizes as a motion to dismiss, substantial materials outside the pleadings are attached to and cited in the motion. Such materials are outside the scope of a motion to dismiss and SFIC should have filed a motion for summary judgment. *See, e.g.*, *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 398 (5th Cir. 2015) (observing that a motion "seems to rely on

---

[1] R. Doc. No. 54.
[2] R. Doc. No. 71.
[3] R. Doc. No. 72.
[4] R. Doc. No. 73.

1

discovery and matters outside the pleadings, suggesting that the entire record must be consulted, which is the province of summary judgment rather than a 12(b)(6) motion"). On the other hand, plaintiff did not timely file an opposition to SFIC's motion, nor did he request an extension until the day before the motion was scheduled to be taken under submission.

Before the Court can consider the extraneous materials submitted by SFIC, all parties must "be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also McClaine v. Boeing Co.*, 544 F. App'x 474, 476 n.3 (5th Cir. 2013) ("If the district court converts a motion to dismiss to a motion for summary judgment sua sponte, it must provide notice to the parties and an opportunity to respond."). However, the record with respect to SFIC's motion is already fragmented and would become even more so with further supplemental briefing.

In the interest of judicial efficiency, clarification of the record, and providing plaintiff a full opportunity to respond to the issues, the Court finds it appropriate to deny SFIC's mis-labeled motion to dismiss, without prejudice to SFIC's right to timely file a motion for summary judgment consistent with the Federal Rules of Civil Procedure and this Court's rules. The remaining motions are mooted by dismissal of SFIC's motion to dismiss.

**IT IS ORDERED** that SFIC's motion to dismiss is **DISMISSED WITHOUT PREJUDICE** to SFIC's right to timely file a motion for summary judgment consistent with the Federal Rules of Civil Procedure and this Court's rules. Accordingly,

**IT IS FURTHER ORDERED** that SFIC's motion to file a supplemental memorandum and plaintiff's motion for an extension of time to respond and motion to expedite consideration of the motion for an extension of time to respond are **DISMISSED AS MOOT**.

New Orleans, Louisiana, May 5, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**